Quarles & Brady LLP
Firm State Bar No. 00443100
One Renaissance Square
Two North Central Avenue
Phoenix, Arizona 85004-2391
TELEPHONE 602.229.5200

Attorneys for Plaintiff
HSBC Bank USA, N.A.
John Maston O'Neal
john.oneal@quarles.com
Scott S. Simonson
scott.simonson@quarles.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| HSBC Bank USA, N.A., as Trustee for Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-AR3 Mortgage Pass-Through Certificates,<br><br>Plaintiff,<br><br>vs.<br><br>Deborah J. Wynn,<br><br>Defendant. | NO. CV-10-1897-PHX-JAT<br><br>**PLAINTIFF HSBC BANK USA, N.A.'s RULE 12(B)(6) MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM AND RULE 12(E) MOTION FOR A MORE DEFINITE STATEMENT** |

Plaintiff, HSBC Bank USA, N.A. ("HSBC"), hereby moves (1) to dismiss the counterclaim for quiet title in the "Answer and Counterclaim" of Defendant, Deborah J. Wynn ("Wynn"), and (2) to request a more definite statement by Wynn regarding whether Wynn makes any other counterclaims that entitle her to other relief that she has requested. These motions are made pursuant to Rules 12(b)(6) and 12(e), Federal Rules of Civil Procedure, and is supported by the attached Memorandum of Points and Authorities.

QB\136701.00022\11696881.1

1  RESPECTFULLY SUBMITTED this 12th day of November, 2010.

2
        QUARLES & BRADY LLP
3
        One Renaissance Square
        Two North Central Avenue
4
        Phoenix, Arizona  85004-2391

5

6         By  *s/* Scott S. Simonson
           John Maston O'Neal
7            Scott S. Simonson

8         *Attorneys for Plaintiff HSBC Bank USA, N.A.*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

Logic and law dictate that a court should not hear two simultaneous actions for quiet title involving the same two parties and the same piece of property. One action for quiet title is enough to determine the rightful owner of property and all claims related to title. Chantler v. Wood, 6 Ariz. App. 134, 138, 430 P.2d 713, 717 (App. 1967). Nevertheless, Wynn responded to HSBC's action for quiet title by filing a counterclaim for quiet title. Because Wynn's counterclaim is superfluous, HSBC requests that it be dismissed.

Plaintiff HSBC brought this action to remove a wrongful lis pendens (the "Lis Pendens") that Wynn placed on a parcel of real property in August 2009. An authentic and complete copy of the Lis Pendens is attached to HSBC's Complaint in this matter as Exhibit "D" and is hereby incorporated by reference. HSBC owns the property (the "Property") that Wynn wrongfully encumbered with the lis pendens.

In its Complaint, HSBC brought an action to quiet title in its favor (Compl. ¶¶ 37-42.) When Wynn answered, she filed a counterclaim for quiet title. (Answer & Countercl., p. 18.) HSBC moves to dismiss this counterclaim on three grounds. First, her counterclaim is not justiciable — HSBC's quiet title action already entitles her to the relief that she seeks, and there is no other relief available from her counterclaim for quiet title. Second, because Wynn is a trustor of a deed of trust to the Property, she is not entitled to quiet title under Arizona law. Third, because Wynn has not alleged that she has paid or tendered all amounts due on the note that secures her deed of trust, she is not entitled to quiet title under Arizona law.

### II.    LEGAL ARGUMENT

####     A.     Legal Standard.

Under Federal Rule of Civil Procedure 8(a), a counterclaim must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, -- U.S. --, 129 S.Ct. 1937, 1949 (May 18, 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

Federal Rule of Civil Procedure 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949. The Supreme Court emphasized that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and that such thin pleading "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1949-50. Unsupported conclusions and unwarranted inferences, couched as factual allegations, are not presumed to be true. Pareto v. Fed. Deposit Ins. Corp., 139 F.3d 696, 699 (9th Cir. 1998). In addition, the Court will not assume that the counterclaimant can prove facts different from those alleged in the complaint. See Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc., 407 F.3d 1027, 1035 (9th Cir. 2005).

The United States Supreme Court stated that to survive a motion to dismiss, a complaint must:

> . . . contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

See Iqbal, 129 S.Ct. at 1949. Critically, a plaintiff must "nudge [his] claims of…across

1  the line from conceivable to plausible." Id. (internal citations omitted).

2       **B.    Because HSBC Already Brought A Claim For Quiet Title In This Matter, Wynn's Claim for Quiet Title is Not Justiciable and Should Be Dismissed.**

3

4       Wynn's counterclaim does not comply with the letter of Rule 12(b)(6) — "it fails to
5  state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Simply put,
6  Wynn gains nothing by bringing her quiet title claim, and she loses nothing by its
7  dismissal. Under Arizona law, quiet title is an equitable action. As such, an action to quiet
8  title suffices to resolve all claims and rights regarding a property. Chantler v. Wood, 6
9  Ariz. App. 134, 138, 430 P.2d 713, 717 (App. 1967) (summarizing Arizona case law
10 regarding actions for quiet title as holding that "every interest in the title to real property,
11 whether legal or equitable, may be determined in the action"). In this case, then, the Court
12 will use HSBC's action to quiet title in favor of HSBC or Wynn, which makes Wynn's
13 quiet title claim superfluous.

14      Because Wynn's quiet title claim cannot obtain any relief that is not already
15 available to her through HSBC's quiet title claim, Wynn's claim is not justiciable. See,
16 e.g., ARL PAC v. Feldman, 504 F.3d 840, 848 (9th Cir. 2007). Wynn lacks Constitutional
17 standing to bring her claim unless "a favorable decision will likely redress the alleged
18 injury." See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Along those
19 same lines, Wynn's claim fails under the doctrine of prudential ripeness, which allows a
20 court to decline to exercise jurisdiction when an issue is not fit for judicial review, and
21 withholding review will not cause hardship to the parties. ARL PAC v. Feldman, 504 F.3d
22 at 849.

23      Regarding Wynn's counterclaim, standing and prudential ripeness amount to
24 doctrinal justification for a common-sense conclusion: She accomplishes nothing by
25 bringing a counterclaim for quiet title when an action for quiet title is already before the
26 Court. If her claim is dismissed, she has the same rights to quiet title as if she had not

1  brought this action. As such, she does not state a claim upon which relief should be
2  granted, and the counterclaim should be dismissed.

### C. Because a Trustor of a Deed of Trust Is Not Entitled to Quiet Title, Wynn's Quiet Title Claim Fails As A Matter Of Law.

The remedy of quiet title is not available to the trustor of a deed of trust. Eason v. IndyMac Bank, FSB, 2010 WL 1962309, at *2 (D. Ariz. May 14, 2010) (citation to published reporter not yet available). This is because a trustor does not hold legal title to property. Ariz. Rev. Stat. §§ 33-801(11), Eason, 2010 WL 1962309, at *2. Instead, she transfers legal title to a trustee when she signs a deed of trust. Brant v. Hargrove, 129 Ariz. 475, 480, 632 P.2d 978, 983 (Ariz. App. 1981), Eason, 2010 WL 1962309, at *2. While the trustor retains all other rights and incidents of ownership, a trustor's lack of legal title prevents her from obtaining quiet title. Eason, 2010 WL 1962309, at *2 (denying default judgment upon quiet title complaint by trustor to a deed of trust for failure to hold legal title).

Taking Wynn's factual allegations as true, Wynn signed a deed of trust. (Answer and Countercl. ¶ 9.) She admits that this deed of trust was recorded. (Answer and Countercl. ¶¶ 10-11.) So even though Wynn claims title, she conveyed legal title by deed of trust. In a complaint for quiet title, if the claimant "avers title and then proceeds to set forth facts that do not show title, the specific facts pleaded control." Eason, 2010 WL 1962309 at *2 (citing Verde Water & Power Co. v. Salt River Valley Water Users' Ass'n, 22 Ariz. 305, 306, 197 P.2d 227, 228 (Ariz. 1921)). Therefore, Wynn is a trustor of a deed of trust, so she does not hold legal title to the Property, and the remedy of quiet title is not available to her. As a result, her counterclaim should be dismissed.

### D. Because Wynn Has Not Paid Off Her Loan, And Has Not Alleged She Can Do So, Her Quiet Title Claim Must Be Dismissed.

Until a counterclaimant pays off her mortgage, she cannot obtain quiet title. Farrell v. West, 57 Ariz. 490, 490 (Ariz. 1941) (denying quiet title action until plaintiff tendered

the amount needed to pay off the mortgage lien on the property); Eason v. IndyMac Bank, FSB, 2010 WL 1962309, at *2 (D. Ariz. May 14, 2010) ("[Q]uiet title is not a remedy available to the trustor until the debt is paid or tendered").

In this case, Wynn requests that title be quieted in her favor, but does not allege that she has paid, or has tendered, the balance on her promissory note. Because she has not, quiet title is not available.

### E. HSBC Also Move For A More Definite Statement About Whether Wynn Has Alleged Any Other Counterclaims.

Wynn's Answer and Counterclaim contains a section labeled "Counterclaim," in which Wynn makes one counterclaim, which is the aforementioned claim for quiet title. (Answer & Countercl. p. 18.) However, Wynn's pleading contains three separate prayers for relief, all requesting different relief. (Answer & Countercl. pp. 17, 19.) The first prayer for relief seeks to set aside the foreclosure of the Property and award damages. (Answer & Countercl. p. 17.) The second prayer for relief appears to request declaratory judgment. (Answer & Countercl. pp. 17-18.) As far as HSBC can ascertain, these first two prayers for relief are not connected to a specific claim or claims that entitle Wynn to the relief she seeks, although she makes extensive factual allegations throughout her Answer.

So if Wynn makes a claim besides quiet title, she has not specified the claim or claims upon which she should be awarded the relief sought in her first two prayers for relief. For this reason, if Wynn has made other counterclaims besides quiet title, these claims are "so vague and ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). HSBC should not be forced to file a responsive pleading in which it guesses as to the counterclaims against it. Accordingly, HSBC requests a more definite statement as to (1) the total number of counterclaims that Wynn asserts; (2) for each of the counterclaims, the specific legal claim or legal theory (such as quiet title) upon which she seeks relief; and (3) the relief that Wynn seeks as a result of the counterclaim.

### III. CONCLUSION

For the foregoing reasons, HSBC respectfully requests that this Court dismiss Wynn's Counterclaim. HSBC also requests a more definite statement as to whether Wynn makes any other counterclaims that entitle her to other relief that she has requested.

RESPECTFULLY SUBMITTED this 12th day of November, 2010.

>QUARLES & BRADY LLP
>One Renaissance Square
>Two North Central Avenue
>Phoenix, Arizona  85004-2391
>
>
>By  *s/* Scott S. Simonson
>     John Maston O'Neal
>     Scott S. Simonson
>
>*Attorneys for Plaintiff HSBC Bank USA, N.A.*

### CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

>Donald O. Loeb, Esq.
>dloeb@scottslaw.com
>CAMPANA, VIEH & LOEB, PLC
>4422 North Civic Center Plaza, Suite 101
>Scottsdale, Arizona 85251-3523
>*Attorneys for Defendant*

By: *s/* Donna Marie Reid